SUMMARY ORDER
The defendants appeal from an order of the district court, which, among other things, denied their motion for summary judgment insofar as it was brought on qualified immunity grounds. We assume the parties’ familiarity with the facts and procedural history of this case, and the questions presented.
The plaintiff brings wrongful discharge claims under several federal and state laws. Because the defendants do not appeal from a final judgment, we have jurisdiction to consider only the question whether, as a matter of law, defendant Matthew Driscoll has qualified immunity against the plaintiffs First Amendment claim. See 28 U.S.C. § 1291; Demoret v. Zegarelli, 451 F.3d 140, 148 (2d Cir.2006). We review that decision de novo, id. at 148, “construing the evidence in the light most favorable to the nonmoving party,” Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir.2003), and affirming unless “there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law,” Fed.R.Civ.P. 56(c).
Driscoll “is entitled to qualified immunity if his conduct did not violate a clearly established constitutional right, or if it was objectively reasonable for him to believe that his conduct did not violate such a right.” Gilles v. Repicky, 511 F.3d 239, 246 (2d Cir.2007). We first ask whether a constitutional right was violated, and then address the question of immunity. See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151,150 L.Ed.2d 272 (2001); Sira v. Morton, 380 F.3d 57, 68-69 (2d Cir.2004).
Here, the district court decided that the plaintiffs position and responsibilities as Deputy Commissioner of Parks “did not make him a policymaker subject to that position’s exception to First Amendment protection” under the doctrine established by Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). The district court then concluded that genuine issues of material fact precluded an answer to the question whether Driscoll was entitled to qualified immunity.
We think the latter conclusion was erroneous. In our view, Driscoll was entitled to qualified immunity as a matter of law because, under the factors set forth in Vezzetti v. Pellegrini, 22 F.3d 483, 486 (2d Cir.1994), either the plaintiff was a policymaker or, even if he was not, Driscoll reasonably believed that, inasmuch as the plaintiff was appointed by the mayor, had *660 some special expertise in performing his job, lacked civil service protection, exercised significant supervisory authority over special events as a matter of practice, and was expected to serve in the Commissioner’s role in the Commissioner’s absence (although he was never called upon to do so), he was a policymaker. We therefore reverse the order of the district court insofar as it denied summary judgment on qualified immunity grounds, and remand with instructions to enter partial summary judgment for Driscoll.
The parties’ remaining arguments do not address the qualified immunity issue, and therefore fall outside the scope of our jurisdiction to review. We note, however, that in light of Driscoll’s qualified immunity, only state law claims remain in this case. Plaintiffs counsel conceded as much at oral argument. We are of the view that the district court should therefore decline to exercise pendent jurisdiction over those claims. The plaintiff may, of course, seek to pursue those claims in state court if he so chooses.
For the foregoing reasons, the order of the district court is hereby REVERSED and REMANDED with instructions to enter partial summary judgment for defendant Driscoll. The court is also instructed not to exercise pendent jurisdiction over the state claims, but instead to dismiss them.